UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RANDALL G. STEPHENS, | ) | Case No.: 1:24 MC 00051 |
| | ) | |
| Plaintiff | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| DOW CHEMICAL COMPANY, et al., | ) | |
| | ) | |
| Defendants | ) | ORDER |

Before the Court in this miscellaneous matter is Plaintiff Randall G. Stephens's *pro se* "Motion Pursuant to Court Order Seeking Leave to File" a new action against Dow Chemical Company, Jim Fitterling, and Howard Ungerleider. (Doc. No. 1). For the following reasons, Plaintiff's motion is DENIED, and this action is DISMISSED.

Plaintiff has filed numerous prior lawsuits in this and other courts concerning the denial of Workers' Compensation and Social Security benefits for an injury sustained in 1969 while working for Union Carbide Chemical Company. Due to Plaintiff's repeated filing of frivolous lawsuits pertaining to the disability benefits for this same injury, on July 31, 2009, Judge Gwin issued an order declaring Plaintiff a vexatious litigator and permanently enjoining him from filing any new lawsuits in this Court without first obtaining leave in accordance with a specified procedure. *See Stephens v. Union Carbide Corp., et al.*, No. 1:09 CV 01219 (N.D. Ohio Jul. 31, 2009) (the vexatious litigator order).

The vexatious litigator order provides that, to file a new lawsuit, Plaintiff must: (1) file a "Motion Pursuant to Court Order Seeking Leave to File" with any document he proposes to file and a copy of the vexatious litigator order; (2) file, as an exhibit to his motion, a declaration or sworn affidavit certifying the proposed document raises a new issue never previously raised by him in this

or any other court, the claim is not frivolous, and the document is not filed in bad faith; (3) file, as a second exhibit, a list and full caption of each and every lawsuit previously filed and those lawsuits currently pending; and (3) file, as a third exhibit, a copy of each complaint identified and a certified copy of its disposition. *Id.* at 6-7. Additionally, the order provides that the Court may deny any motion for leave if the proposed document is frivolous, vexatious, or harassing. *Id.* at 7.

The Court finds that Plaintiff's motion for leave must be denied. It is not clear from Plaintiff's filing that Plaintiff has provided a specific, identifiable document or pleading he seeks to file in a new case, as required. In the body of the motion for leave, Plaintiff appears to request declaratory judgment and he lists various "findings of fact," "issues," and legal citations that concern his prior litigation. (Doc. No. 1 at 2-8). This document also includes a "Declaration of Independents of Randall G. Stephens" where Plaintiff appears to reiterate the details of his workplace injury from 1969. (*Id.* at 11-14). To the extent this document complies with the Court's vexatious litigator order as a document Plaintiff seeks to file in a new case, the document is frivolous, vexatious, and harassing. The purported new claims delineated in this new document once again seek to litigate issues concerning his workplace injury in 1969 and the subsequent denial of disability benefits, as previously addressed in multiple lawsuits, in multiple courts.

Accordingly, Plaintiff's Motion Pursuant to Court Order Seeking Leave to File (Doc. No. 1) is DENIED, and this miscellaneous action is DISMISSED. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR
UNITED STATES DISTRICT JUDGE

November 20, 2024