No. 24-4058

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 15, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| RANDALL G. STEPHENS, ) | |
| ) | |
|     Plaintiff-Appellant, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| DOW CHEMICAL COMPANY, et al., ) | |
| ) | |
|     Defendants-Appellants. ) | |

Before: READLER, Circuit Judge.

Plaintiff Randall G. Stephens appeals the dismissal of his action seeking leave to file a new lawsuit against Dow Chemical Company and two of its executives, Jim Fitterling and Howard Ungerleider. He moves to seal the entire record. But Stephens offers no further argument or explanation to support sealing the record.

"Documents filed in this Court generally must be made available to the public," *United States v. Hatcher*, 698 F.3d 936, 937 (6th Cir. 2012) (order), which "has a strong interest in obtaining the information contained in the court record," *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1180 (6th Cir. 1983). "Because of this public interest, there is a 'strong presumption in favor of openness.'" *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (quoting *Brown & Williamson*, 710 F.2d at 1179). "The party seeking to seal a record carries the burden of overcoming this presumption, and '[o]nly the most compelling reasons can justify non-disclosure

of judicial records." *Id.* (alteration in original) (internal citation omitted) (quoting *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)); *see also Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) ("A party who seeks to seal an *entire* record faces an even heavier burden."). That would be the case where disclosure will result in a "clearly defined and serious injury," or where "trade secrets, information covered by a recognized privilege . . . , [or] information required by statute to be maintained in confidence" is at issue. *Grae v. Corr. Corp. of Am.*, 134 F.4th 927, 932 (6th Cir. 2025) (citations omitted). "[E]ven where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016).

In this case, Stephens's argument for sealing the record is "brief, perfunctory, and patently inadequate." *Id.* at 306. Stephens does not point to any specific information on the record that is confidential, sensitive, or harmful to him. Furthermore, the relief he seeks—sealing the entire record—is not narrowly tailored to serve his asserted need for secrecy. Although Stephens proceeds pro se, such status does not excuse a failure to comply with the "procedural rules in ordinary civil litigation." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Therefore, he has not met his burden to overcome the presumption of open court records.

Accordingly, the motion to seal the record is **DENIED**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk